PAUL D. BELLOCQ

versus

HOTEL DE SOTO CO.

**8567**

NO. 8567

COURT OF APPEAL

PARISH OF ORLEANS

WILLIAM A. BELL, JUDGE:

COURT OF APPEAL
PARISH OF ORLEANS
FILED MAR 27/22
ZH Stansbury

BY: WILLIAM A. BELL, JUDGE:

This is a suit for personal injuries, in which a jury trial resulted in verdict and judgment for plaintiff, Paul D. Bellocq against defendant, the Hotel De Soto Company, proprietors of the Hotel De Soto, in New Orleans. The damages allowed were $2,666.50, and a judgment in favor of intervenor, Miller Indemnity Underwriters and against plaintiff, in the sum of $166.50.

We find that plaintiff was employed by the Interstate Electric Company, whose place of business was directly opposite the Perdido Street side of the hotel which occupies the entire block or 1/2 block, bounded by Baronne, Carroll, Perdido and Poydras Streets.

On May 10th, 1919, at about 11:30 A.M., plaintiff was directed by one of his superior co-employees of the Interstate Electric Company to repair an automobile used in the company's business. This machine was at the time, parked closely to the side-walk, on the hotel side of Carroll Street, about fifty feet from the corner of Perdido and Carroll Streets. While engaged in the repair of the car, plaintiff was standing on the side-walk with his back to the hotel and leaning over the open hood of the machine. In this position, a wooden framed screen fell from the eighth floor window of the hotel, struck the car and plaintiff a slanting blow, resulting in severe contusions of plaintiff's scalp, and causing a dent in the hood of the car. Plaintiff was not rendered unconscious, but for a minute was, as he says; "dazed" by the blow, and after bracing himself against the hotel wall, he managed to walk from the place of the accident to the rear door of the Interstate Electric Company, where his fellow-workmen came to his assistance, and hurried him in one of the Company's trucks, to a nearby hospital. Neither of the doctors who treated him at the hospital testified in the case, but from the evidence it appears that plaintiff suffered severe contusions and lacerations of the scalp, was detained for treatment at the hospital for a week, and continuing to suffer from

nervous shock and physical disability, causing a ringing in the ears, irritability and loss of sleep, etc., he was not able to return to his work for four weeks longer, nor to his accustomed heavy work in the shop, for some time later. A nerve specialist whom plaintiff did not consult for over a month after the accident, testifies that he found plaintiff had suffered a concussion of the brain, not of a serious nature, but such as would, and did, yield to proper treatment and rest, and that after seeing plaintiff a second and last time, while under his care, that plaintiff told him he was feeling very much improved.

We find from X-ray photographs in the record, and from the radiologist's report thereon, that same "showed "no evidence of depression of the skull or of fracture or "any signs of bone injury." We also find from testimony on behalf of plaintiff, record-admissions to the effect that examination by a competent oculist disclosed no injuries to plaintiff's eye-sight, but that the headaches and other temporary sufferings were natural results of the accident.

It is not denied that plaintiff was injured in the manner described in his petition, and after careful examination of the evidence we have concluded that the extent of his injuries were as above set forth. He has also proven conclusively that his financial loss in wages, doctors' bills, etc., was some $350.50. of which the Millers' Indemnity Underwriters, intervenors herein, have reimbursed him in the sum of $166.50. These facts being established, we are led to the conclusion, vel non, of defendant's liability; and to this end, we must determine facts presented by the record.

We find from the evidence that the wire screen which struck the plaintiff, and caused his injury, was undoubtedly a part of the structure, or equipment, of the Hotel De Soto, property of defendants herein; that it fell from the eighth story window of the Hotel, and was seen in its downward flight to strike the plaintiff a glancing blow on the head,

and to also land upon the hood of the automobile which plaintiff was repairing. Defendants contend that the verdict and judgment in this case was erroneous, particularly for the reason that the evidence does not establish that it was the defendants' fault which caused the accident. Three witnesses of the defendant testify to what might be considered reasonable inspection of the screens and fastenings throughout the Hotel, and to the precautions usually taken in regard to this kind of property, as well as to fixtures and equipment of the Hotel. We have no right to doubt that this testimony is truthful and reliable, but, on the other hand, it is clear from the evidence, and testimony of other witnesses, and from the admission of defendants' witnesses, that knowledge had been brought home to the Hotel, on more than one occasion prior to the accident, of defects in the screens used by the Company in its windows. The evidence is conclusive that on at least two or three occasions prior to, and by no means remote from the date of the accident, screens had fallen, or been blown from the windows of the Hotel, and subsequently gathered by the Hotel's chief engineer, from the Interstate Company's employees, the latter having rescued them from out of the street in, and around the locality where plaintiff was injured. These facts, while testified to by the plaintiff's co-employees, are also confirmed by disinterested witnesses, employed in the neighborhood of Carroll Street, nearly opposite from the Hotel, and who were not connected in any way with the plaintiff or defendant in this case. Liability arises from this evidence in particular, coupled with the fact that defendant and its employees were charged with the knowledge of the perishable condition of these screens and with the apparent defects therein, prior to the accident arising in this case. The fastenings and springs in the particular screens in question, being made of steel, and subject to corrosion, should have caused peculiar and particular supervision on the part of the Company or its employees.

Under the doctrine of <u>res ipsa loquitur</u>, which in our appreciation of the evidence before us is peculiarly applicable to the instant case, it is not incumbent upon the plaintiff herein, to prove such negligence as must rightly be presumed from evidence conclusively showing that other screens on several occasions prior to the accident had fallen from defendants' building, notwithstanding its previous and continuous system of supervision. Herbert vs Lake Charles Ice, Light & Water Works Co., 111 La. 522. The case before us was thought by the learned judge of the trial court, as shown by his charges to the jury, to come particularly within the doctrine above mentioned, and we agree with him in its application here. In the case of Lykiardopoulo vs. New Orleans & C. R., Light & Power Co., 127 La., 310. the court found for the plaintiff who was killed by explosion of a boiler tube in the boilers to which he was stoker, holding that defendant and not the plaintiff was charged with the necessary care and inspection of the boilers, neglect as to which need not have been charged or proven by plaintiff. We quote in part from the language of the court, as follows:

"In cases where the plaintiff cannot be expected to have any information as to the causes of the accident, whereas the defendant, on the contrary, must be assumed to be fully informed on the subject, and where the accident is of the kind which ordinarily do not occur when due care has been exercised, the rule of evidence is that the accident speaks for itself - res ipsa loquitur - that is to say, that a presumption of negligence arises from the fact itself of the accident. In such cases, the plaintiff not only need not allege the particular acts of omission or commission from which the accident has resulted, but need not even prove them. The accident itself makes out a prima facie case, and the burden is on defendant to show absence of negligence. Res ipsa loquitur."

We note the particular reliance placed by counsel for defendant in the case of Mire vs East La. Ry. Co., 42 Ann., p.p. 392 to 395, stressed by him in application for a new trial.

and in brief and argument before this court. Most careful analysis of this case and of other similar authorities cited, has not convinced us of their application either to the law or the facts involved in the case now under consideration.

Another defense urged by defendants' counsel and pleaded in answer as a bar to plaintiff's recovery, is the fact that plaintiff was, at the time of the accident, guilty of negligence by working in the public street upon an automobile, in direct violation of City Ordinance No. 6173, Commission Council Series, which reads as follows:

USE OF STREETS FOR REPAIRS PROHIBITED.

(a) No machine shop or automobile service or repair station or other establishment for the repair or adjustment of vehicles shall use the public streets for the storage of vehicles or the repair of vehicles,

(b) In case of necessity, vehicles may be stopped in the public streets for the replacement or repair of tires or for minor adjustments, but shall not stop in such a manner as to impede traffic."

There is no merit to this defense, because of the fact that proof is lacking, (the burden being upon defendant) to show that plaintiff was violating, first the letter of the of the ordinance as above quoted, or secondly, that even if violated, that its breach in any manner contributed to the accident. The charge to the jury thoroughly covers this point, and cannot be better expressed than in the language of the able trial judge, who said:

"If a man violate a City Ordinance and by his violation of that ordinance he makes more liable or apparent an accident, then he is guilty of negligence, but when his violation of the ordinance has nothing to do with the negligence of his adversary, then such negligence does not preclude his recovery.

Every man has a right to use the public streets for all lawful purposes, subject to the Police Power of the city, and when he violates an ordinance and by his violation causes no injury or

284

damage, then it is merely a
matter for police action."

The following Articles of the Revised Civil
Code is all that is necessary to clearly fix the liability of
defendant in this case:

R.CGC.2315. "Every act whatever
of man that causes damage to another
obligates him by whose fault it
happened to repair it."

R.C.C.670. "Everyone is bound
to keep his buildings in repair,
so that neither their fall nor
that of any part of the mater-
ials composing them may injure the
neighbors or passersby, under
the penalty of all losses and
damages which may result from
the neglect of the owner in
that respect."

R.C.C.2322. "The owner of a
building is answerable for the
damages occasioned by its ruin
when this is caused by his
neglect to repair it, or when
it is the result of a vice in
its original construction."

It has not been proven here what force or agency,
if any, caused the screen to fall into the street, or that any
of defendants' servants caused the screen to fall while clean-
ing, repairing or lifting it.

There is evidence that no guests were in the
room at the time of the accident, but one of the disinterested
witnesses swears that he saw some one look out of the window
immediately after the screen had fallen from it.  Under these
conditions, another Article of the Code would also apply:

Art. 177:  "The master is answerable
for the damage caused to individuals
or to the community in general by
whatever is thrown out of his house
into the street or public road, and
inasmuch as the master has the super-
intendence and police of his house
and is responsible for the faults
committed therein."

We are not disposed to approve of the quantum
of damages awarded by the jury and amounting to $2,666.50. This
amount in our opinion, is excessive.  There is nothing before
us to show that the injuries which plaintiff sustained are in
any manner permanent, nor in their nature serious.  Though the

plaintiff's age does not appear in the record, we gather from other facts, that he is a young man, shown to have been athletic and vigorous. Though temporarily disabled and nerve—racked by the accident, he returned to his normal activities. and resumed his accustomed duties which he was fully performing when before the court in this case. We have already detailed above, our appreciation of plaintiff's injuries and cannot but lean towards the impressions of the trial judge, as expressed on the occasion of his giving written reasons for denial of a new trial.

We think, after careful consideration of the record, that the judgment in favor of plaintiff, Paul D. Bellocq, and against Hotel De Soto Company, defendant. should be reduced from Two Thousand Six Hundred and Sixty-Six and 50/100 Dollars., ($2,666.50) to One Thousand Six Hundred and Sixty-Six 50/100 Dollars, costs of the lower court to be borne by defendant, and those of appeal to be borne by plaintiff.

Under Sec. 7, par. 2 of Act 20 of 1914, as amended by Act 247 of 1920, that part of the original judgment rendered herein, in favor of intervenor, Miller-Indemnity Underwriters, recognizing it as subrogee of all rights and actions of the Interstate Electric Company, employer of plaintiff, Paul D. Bellocq, and as such awarding it judgment for the sum of One Hundred and Sixty-Six 50/100 ($166.50) Dollars, with costs of intervention, against the amount now decreed to plaintiff, IS AFFIRMED, said amount to be paid intervenor out of this judgment by preference over all other persons.

JUDGMENT AMENDED

AND AS AMENDED AFFIRMED

March 27, 1919.